[Civ. No. 5141. First Appellate District, Division One.—February 16, 1925.]

VERNON P. EHRHART, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURIES DUE TO SKYLARKING—FINDINGS—EVIDENCE.—In this proceeding to review the action of the Industrial Accident Commission in denying compensation to an employee, there was sufficient evidence before the Commission to sustain its finding that the injury to the employee did not arise out of the employment, but was due to skylarking.

[2] ID.—INJURY DUE TO EMPLOYMENT—BURDEN OF PROOF.—The burden was upon the employee to prove to the satisfaction of the Industrial Accident Commission that the injury occurred in the course of and arose out of the employment.

---

(1) Workmen's Compensation Acts, C. J., p. 115, n. 37.   (2) Workmen's Compensation Acts, C. J., p. 115, n. 24.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying compensation for injuries. Award affirmed.

The facts are stated in the opinion of the court.

Nutter, Hancock & Rutherford for Petitioner.

R. P. Wisecarver and Redman & Alexander for Respondents Other Than Industrial Accident Commission.

---

1. Injuries caused by sportive acts, as injuries arising out of and in the course of employment within meaning of workmen's compensation acts, note, L. R. A. 1918E, 504.

Warren H. Pillsbury for Respondent Industrial Accident Commission.

TYLER, P. J.—*Certiorari* to review the action of the Industrial Accident Commission in denying benefits to V. P. Ehrhart, an employee of the respondent Stockton Delivery Company. The other respondent, Columbia Casualty Company, is interested by reason of being the insurance carrier for its corespondent.

Petitioner is a minor and has instituted the proceedings by his guardian *ad litem* for the purpose of having determined the lawfulness of the original award made in favor of respondent denying compensation to the petitioner on account of an accident resulting in a compound fracture of both bones of the left leg sustained on April 11, 1924, at Stockton, California, while petitioner was in the employ of respondent Stockton Delivery Company.

The petition shows that the respondent employer maintains a delivery service in the city of Stockton, and that petitioner at the time of the accident was employed by it as a truck driver, and was about to depart from the place of business of a certain grocery firm, one of the patrons of the company, with a truckload of groceries for delivery to the customers of that firm. While going to the front of his truck for the purpose of cranking the same, so it is alleged, petitioner was struck and injured by a passing automobile belonging to a third party. Thereafter he duly filed his application with the Industrial Accident Commission. Answer was made by defendants, respondents herein, denying that the injury arose out of the course of the employment or was proximately caused thereby, and they set up as a further defense that it was proximately caused by "skylarking" of said applicant. The application came on for hearing and was submitted. On the nineteenth day of September, 1924, the Commission made its award, finding that the applicant received the injuries while in the employ of defendant employer, but that the evidence was insufficient to establish as a fact that the injuries arose out of or were proximately caused by the employment.

In accordance with the findings the award was that applicant take nothing by reason of his claim.

A petition for rehearing was filed upon the ground that the evidence did not justify the findings; that the findings of fact did not support the order or award in that there were no findings of fact upon the subject of the course of employment or proximate causation, the findings being merely conclusions of law; that the Commission acted without or in excess of its powers in making the award, there being no evidence whatever upon which to base the same. The petition was denied.

It is here claimed that the Commission acted without and in excess of its powers; that its order is unreasonable and that the findings of fact are not supported by the evidence.

There was a sharp conflict therein before the Commission as to the manner in which the accident occurred. Petitioner testified that just before the happening of the same he had been fooling and scuffling with a friend and that as he left the sidewalk to crank his car he had thrown a piece of paper at him, but that at the time of the accident he was not skylarking. He claimed that he approached his autotruck at his customary speed, and while doing so he was struck by a passing automobile. It is conceded that if such were the fact applicant would be entitled to compensation. The insurance company contended that the applicant had been frolicking with a companion and had thrown a piece of paper at him, whereupon the latter undertook to chase him; that applicant then ran from the sidewalk out into the street and was struck by the passing car, causing the injuries complained of. It is admitted by applicant that just before the accident he had been fooling and scuffling with his companion and that he had thrown a piece of paper at him, but denied that he was running to escape from him, and asserted that he was hurrying to crank his car in order to proceed with his deliveries.

Upon this question there is a decided conflict in the testimony. The driver of the passing car which struck applicant testified that both boys ran out together very suddenly against his car as he was passing, and that at the time he was under the impression that he had struck them both. He further testified that when he took petitioner to the hospital he admitted to him that boys were chasing him. The employer of petitioner also testified that in making in-

quiry of the boys immediately after the accident for the purpose of ascertaining the cause of the injury and making a report to the Industrial Accident Commission and the insurance company petitioner admitted to him that his companion started to chase him and he ran out into the street to escape. The testimony of police officers was to the same effect. [1] The Commission, therefore, had ample evidence before it to sustain its finding that the injury did not arise out of the employment, but was due to skylarking (*Coronado Beach Co.* v. *Pillsbury*, 172 Cal. 682 [L. R. A. 1916F, 1164, 158 Pac. 212]). [2] The burden of proof was upon the applicant to prove to the satisfaction of the Commission that the injury occurred in the course of and arose out of the employment (*Eastman* v. *Industrial Acc. Com.*, 186 Cal. 593 [200 Pac. 17]). This burden he did not sustain. On the contrary, respondents alleged and proved that the injuries were due to skylarking, and that they did not, therefore, arise out of the employment.

The award is affirmed.

St. Sure, J., and Knight, J., concurred.